*1397 Appeal from a judgment of the Ontario County Court (William E Kocher, J.), rendered July 20, 2010. The judgment convicted defendant, upon a jury verdict, of assault in the second degree and criminal possession of a weapon in the fourth degree.
It is hereby ordered that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [2]), as a lesser included offense of the first count of the indictment charging him with assault in the first degree (§ 120.10 [1]), and criminal possession of a weapon in the fourth degree (§ 265.01 [2]). Contrary to defendant’s contention, County Court properly denied his request to charge the jury on assault in the third degree (§ 120.00 [3]) as a lesser included offense of assault in the first degree. “There was no reasonable view of the evidence presented that would support a jury finding that the defendant acted with criminal negligence rather than [acted intentionally]” (People v Beckford, 49 AD3d 547, 548 [2008], lv denied 10 NY3d 859 [2008]; see People v Wright, 105 AD2d 1088, 1089 [1984]; see generally CPL 300.50 [1]). Further, we reject defendant’s contention that the count charging criminal possession of a weapon in the fourth degree was an inclusory concurrent count of assault in the first degree (see People v Mitchell, 216 AD2d 863 [1995], lv denied 86 NY2d 798 [1995]; People v Sykes, 194 AD2d 502 [1993], lv denied 82 NY2d 759 [1993]; see generally CPL 300.30 [4]; People v Perez, 45 NY2d 204, 208-210 [1978]).
We agree with defendant, however, that the court erred in charging the jury that the victim of the assault was justified to use physical force “to the extent that he . . . reasonably believe [d] such to be necessary to prevent or terminate what he . . . reasonably believe[d] to be the commission ... of larceny” (Penal Law § 35.25). “ ‘It is a fundamental rule of law that jury instructions are required to be responsive to the issues presented by the evidence’ ” (People v Lewis, 160 AD2d 815, 816 [1990], lv dismissed 76 NY2d 738 [1990]; see generally CPL 300.10 [2]), and it is error for the court to submit to the jury “ ‘a theory of the facts which had no foundation in the evidence’ ” (People v Rosenberg, 293 NY 16, 17 [1944], rearg denied 293 NY 697 [1944], quoting People v Barberi, 149 NY 256, 274 [1896]; see People v Duncan, 46 NY2d 74, 79 [1978], rearg denied 46 NY2d 940 [1979], cert denied 442 US 910 [1979], rearg dismissed 56 NY2d 646 [1982]). We conclude that the court’s *1398 justification charge was not responsive to the evidence because there is no view thereof that the victim was justified in using physical force against defendant or that the victim used such force in the first instance (cf. People v Banks, 2 AD3d 226 [2003], lv denied 2 NY3d 737 [2004]; see generally Penal Law art 35). Under the circumstances of this case, we agree with defendant that the patently improper instruction was so prejudicial as to deny him a fair trial (see generally People v Ashwal, 39 NY2d 105, 111 [1976]; People v Lovello, 1 NY2d 436, 439 [1956]) and, because the evidence of defendant’s guilt is not overwhelming, it cannot be said that the error is harmless (see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]). We therefore reverse the judgment, and we grant a new trial on the indictment.
In light of our conclusion, we need not address defendant’s remaining contentions. Present—Smith, J.P., Fahey, Peradotto and Lindley, JJ.